FILED
Aug 27, 2019
10:30 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **DEBORAH BRATCHER,** | ) | **Docket No. 2019-05-0373** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **YATES SERVICES, LLC,** | ) | **State File No. 21633-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **TRAVELERS INDEM. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This case came before the Court on August 22, 2019, for an Expedited Hearing on whether Ms. Bratcher is entitled to additional medical or temporary disability benefits. To receive these benefits, Ms. Bratcher must be likely to establish at a hearing on the merits that her time off work and her need for additional medical treatment arose primarily out of and in the course and scope of her employment. For the reasons below, the Court holds Ms. Bratcher failed to meet this burden and is not entitled to the requested benefits at this time.

### History of Claim

Ms. Bratcher suffered a work injury on March 19, 2018. Yates accepted the injury and provided treatment for her neck and shoulder pain. Her first authorized provider, Premise Health, ordered shoulder and neck MRIs. It then treated Ms. Bratcher with anti-inflammatory medication and physical therapy before referring her to an orthopedist.

Yates provided an orthopedic panel, and Ms. Bratcher selected Dr. Timothy Steinagle. He first saw her on June 6 for complaints of right-shoulder pain. He noted the cervical MRI was normal, but the shoulder MRI showed mild tendinosis of the rotator cuff with no evidence of a tear. Dr. Steinagle saw no evidence of nerve root impingement and diagnosed rotator cuff strain. He administered an injection, referred

1

Ms. Bratcher to physical therapy, and assigned light-duty restrictions.

Ms. Bratcher returned to Dr. Steinagle on July 19 and reported no improvement. He noted full range of motion and good strength and concluded, "Mild rotator cuff tendinosis seen on MRI with no evidence of underlying tear or surgical pathology. Has completed an adequate amount of treatment for work related RC tendonitis. Continued subjection complaint of shoulder pain and dysfunction not substantiated by objective physical findings." He also noted preexisting arthritis of the AC joint.[1] Dr. Steinagle concluded that he had nothing further to offer Ms. Bratcher and released her. He added, "She may follow up with her personal physician for evaluation and treatment of preexisting AC arthritis."

Ms. Bratcher sought treatment on her own from other providers and introduced several partial medical records at the hearing.[2] One of these is a February 5, 2019 return-to-work form signed by Dr. Jonathan Head, which noted, "Patient's shoulder and chest pain is probably work related." In Ms. Bratcher's FMLA forms, Dr. Head also checked "yes" to the question, "Is the disability work related?" She further introduced a March 11 MRI report from Nashville General Hospital that states, "Question tiny avulsion of the supraspinatus tendon footprint and small labral tear."

Ms. Bratcher testified that she returned to work after Dr. Steinagle released her but eventually requested FMLA leave because of her continuing neck and shoulder problems. Yates terminated her employment after the leave expired. She requested that the Court order Yates to provide additional medical treatment and temporary disability benefits.

Yates contended that it accepted Ms. Bratcher's claim and provided all benefits to which she is entitled. It argued she failed to prove she is likely to establish that her need for any additional treatment arose primarily out of and in the course and scope of her employment. For these reasons, it asked the Court to deny her request.

### Findings of Fact and Conclusions of Law

Ms. Bratcher must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). To prove a compensable injury, Ms. Bratcher must show that her alleged injury arose primarily out of and in the course and scope of her employment. To do so, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need

---

[1] Dr. Steinagle also assessed noncompliance because he understood that Ms. Bratcher failed to attend her therapy sessions. Ms. Bratcher denied this. She testified convincingly that she requested the rescheduling of the fourth week of therapy and eventually completed it.

[2] The Court summarizes only the relevant medical records.

for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Yates does not dispute that an injury occurred. The question, therefore, is whether Ms. Bratcher appears likely to prove at a hearing on the merits that her work injury primarily caused her current symptoms or need for treatment. The Court cannot find at this time that she is likely to meet this burden.

The Court accepted several medical records into evidence. Yates relied on Dr. Steinagle's conclusions that: 1) Ms. Bratcher has completed an adequate amount of treatment for her work-related tendonitis; 2) the objective physical findings do not support her continued complaints; and 3) she suffers from preexisting AC joint arthritis. Because Ms. Bratcher selected Dr. Steinagle from a panel of physicians, his opinion is presumed correct. *See* Tenn. Code Ann. § 50-6-102(14)(E). Thus, the question is whether Ms. Bratcher submitted sufficient information to overcome this presumption.

To make this determination, the Court turns to the records of Dr. Head, the only other physician to comment on the cause of Ms. Bratcher's condition. He stated that her shoulder and chest pain "is probably work related," and he indicated on the FMLA form that her disability was work-related. However, whether an injury is *related* to an employee's work is no longer the legal standard for determining compensability. Rather, as noted above, the current statute requires proof that the injury arose *primarily* out of and in the course and scope of employment. Thus, the fact that Dr. Head felt Ms. Bratcher's condition was related to her work is insufficient, without more, to overcome the presumption of Dr. Steinagle's opinion.

Ms. Bratcher appeared sincere in her belief that her work activities caused her current condition. However, the Court must abide by the causation requirements of the Workers' Compensation Law and cannot infer from the mere existence of her condition that it arose primarily out of her employment. Because Ms. Bratcher failed to present any evidence that her current need for treatment arose primarily out of her work injury, the Court cannot find at this time that she appears likely to prevail on a claim for additional medical benefits.

Similarly, the Court must deny Ms. Bratcher's request for temporary disability benefits at this time because she has not yet demonstrated that the medical restrictions that led to her termination arose primarily out of the work injury.

3

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Bratcher's claims against Yates and its workers' compensation carrier for the requested medical and temporary disability benefits are denied at this time.

2. This matter is set for a Scheduling Hearing on October 17, 2019, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED August 27, 2019.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Deborah Bratcher
2. Records from Nashville General Hospital
3. Work note from Dr. Jonathan Head
4. Records from Dr. Timothy Steinagle
5. Wage Statement
6. Records from FNP Deborah Smith
7. Appointment reminders from Dr. Philip Elizondo
8. March 19, 2018 Form C-42
9. June 1, 2019 Form C-42
10. FMLA correspondence between Deborah Bratcher and Laurel Black
11. Disability Accommodation Request Form
12. Medical Release Forms
13. FMLA forms

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Position Statement

4

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on August 27, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Deborah Bratcher | | X | Genuinelyhonest803@gmail.com |
| John R. Rucker III, Esq. Employer Attorney | | X | john@johnlewisattorney.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals
_____
Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐ Employer ☐ Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099   rev. 10/18                    Page 1 of 2                    RDA 11082

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____

LB-1099   rev. 10/18                          Page 2 of 2                          RDA 11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____       2. Address: _____

3. Telephone Number: _____       4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone    $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing      $ _____ per month |
| Gas | $ _____ per month | Child Care     $ _____ per month |
| Transportation | $ _____ per month | Child Support   $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed                         To Whom

_____       _____

_____       _____

_____       _____

_____       _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                             RDA 11082